JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **EDCV 10-1030-RGK (OPx)** | Date | August 20, 2010 |
|---|---|---|---|
| Title | ***GB INLAND PROPERTIES LLC v. RAYMOND ARNOLD, et al.,*** | | |

| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| Sharon L. Williams | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) ORDER REMANDING CIVIL ACTION TO SUPERIOR COURT

      On July 12, 2010, Defendant Raymond Arnold, representing himself in pro per, removed this action from the Riverside County Superior Court of California to the United States District Court, Central District of California on the basis of federal question jurisdiction, pursuant to 28 U.S.C. § 1331.

      Removal jurisdiction is governed by statute. *See* 28 U.S.C. §§ 1441, et seq. The Ninth Circuit has held unequivocally that the removal statute is construed strictly against removal. *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988). The strong presumption against removal jurisdiction means that "the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (*citing Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990)); *see also In re Ford Motor Co./Citibank (South Dakota), N.A.*, 264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court.").

      Defendant states that the basis for removal is a "[d]enial of due process in Unlawful detainer - Eviction after foreclosure, in that the rules of evidence and civil procedure are applied without equal protection." (Notice of Removal ¶ 4). Review of the Complaint for Unlawful Detainer filed in state court by GB Inland Properties LLC ("Plaintiff") on May 25, 2010, fails to show that Plaintiff raised any federal question upon which this Court would have subject matter jurisdiction. Plaintiff's Complaint is an action for unlawful detainer post foreclosure sale on February 9, 2010, which exclusively invokes authority pursuant to California statute. The Complaint does not set forth any claims arising under the U.S. Constitution, treaties, or laws of the United States for which the Court would have "original jurisdiction." 28 U.S.C. § 1441(b). Federal question jurisdiction exists only when the federal question appears on the face of a "well-pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); *see also Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996). Defendant cannot confer jurisdiction upon the Court by attempting to attach a federal claim to his Notice of Removal.

Accordingly, Defendant's removal is improper for lack of federal question jurisdiction.

For the foregoing reasons, the above-entitled case is ordered **REMANDED** to the Superior Court for all further proceedings for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | slw |